UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| JESUS BENCOMO HERNANDEZ; BERTHA ULLOLA ALFARO; BRENDA CHAVEZ VALENZUELA; JESUS RASCON ALVAREZ; PERLA ESCOBEDO BAILON; JOSE SILVA IBARRA; JORGE PEREZ PEREA;<br><br>Plaintiffs,<br>v.<br><br>ALEJANDRO MAYORKAS, Secretary of the Department of Homeland Security; UR JADDOU, Director of U.S. Citizenship and Immigration Services; JWANA ADEBIYI, Director of the Albuquerque Field Office of USCIS; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; MERRICK GARLAND, U.S. Attorney General;<br><br>Defendants. | Case No.: 1:23-cv-1107 |

## COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT

1. "Our veterans, who have served and sacrificed for our nation, can face stress and anxiety because of the immigration status of their family members in the United States. We as a nation have made a commitment to our veterans, to support and care for them. It is a commitment that begins at enlistment, and continues as they become veterans." PM-602-0091 (Nov. 15, 2013), https://www.uscis.gov/sites/default/files/document/memos/2013-1115_Parole_in_Place_Memo_.pdf (last visited Dec. 14, 2023).

2. Plaintiffs in this matter are the parents and spouses of active-duty military members and veterans of the U.S. armed forces, and the parents and spouses of U.S. citizens with serious medical conditions. Plaintiffs have applied for parole in place under 8 U.S.C. § 1182(d)(5)(A) for urgent humanitarian reasons or significant public benefit. Defendants have left them in limbo,

1

uncertain if they will be allowed to remain in the country to support their service member or severely ill family members.

3.  The U.S. Department of Defense and several members of Congress have expressed concerned that some active members of the U.S. armed forces and individuals who previously served face stress and anxiety related to the immigration status of their family members in the U.S. *See* PM-602-0091. This stress and anxiety can adversely affect the military preparedness of the country, as these individuals can be quickly called into active duty. Responding to these concerns, the Secretary of Homeland Security identified several discretionary tools to be utilized to "help military dependents secure permanent immigration status in the United States as soon as possible." PM-602-0091. These policy decisions were implemented in a 2013 USCIS policy memorandum, PM-602-0091, and later expanded in 2016 by PM-602-0114. They have been incorporated into the Adjudicator's Field Manual (AFM) and are considered binding on all USCIS employees. *See* PM-602-0091.

## INTRODUCTION

4.  Plaintiffs, by and through their attorneys, respectfully submit this complaint to compel Defendants and those acting under them to take all appropriate action to ensure timely adjudication of the pending parole applications under INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A), and USCIS policy. (*See Adjudicator's Field Manual*, Ch. 21.1(c)(1) (hereinafter "AFM") https://www.uscis.gov/sites/default/files/document/policy-manual-afm/afm21-external.pdf (last visited Dec. 13, 2023).

5. Plaintiffs are all immediate family members of U.S. citizens who are either serving our country in military service or suffering from serious medical conditions and relying on Plaintiffs for care and financial support.

6. All Plaintiffs in this action have applications for parole pending with the Albuquerque Field Office and have been waiting between 6 and 23 months without any glimpse at the protection created for them by Congress.

7. Plaintiffs have been waiting far longer than the published historical average of processing times for this case time, which have ranged from 3.3 to 5.4 months, even during the height of the COVID-19 pandemic. (Exhibit 1).

8. A parole-in-place application seeks a discretionary determination by the Attorney General of the United States under 8 U.S.C. § 1182(d)(5)(A), a statute affording the Attorney General discretion to "parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States…" 8 U.S.C. § 1182(d)(5)(A).

9. In partnership with the U.S. Department of Defense (DOD), Defendant USCIS has launched a number of initiatives to assist military members and their families. Defendant USCIS implemented policy to ensure consistent adjudication of parole requests under 8 U.S.C. § 1182(d)(5)(A) as applied to qualifying family of military service members. Both the Department of Defense and USCIS recognized the significant public benefit of military parole in place for facilitating military morale and readiness and supporting DOD recruitment policies and ensuring consistent support for our military personnel. *See* AFM Ch. 21.1(c)(1).

10. The Plaintiffs in this case include four applicants for military parole in place and three applicants for humanitarian parole in place.

11. All Plaintiffs properly filed Form I-131 and supporting documents with Defendant U.S. Citizenship and Immigration Services ("USCIS") between January of 2022 and June of 2023.

12. Plaintiffs have been waiting between 6 and 23 months for Defendants to determine their eligibility and issue a decision on their parole applications. Plaintiffs' petitions remain within the jurisdiction of Defendants, who have improperly withheld action for an unreasonable period of time, to the detriment of Plaintiffs.

13. Defendants' failure to make a parole determination is leaving them vulnerable to the threat of deportation and separation from their U.S. citizen military or seriously ill family members and preventing them from moving forward with applications for lawful permanent residence.

14. Defendants' failure to adjudicate the parole applications violates the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555 & 701; Plaintiffs are entitled to relief under the APA, 5 U.S.C. §§ 555, 701-702, and 706; the Mandamus Act, 28 U.S.C. § 1361; and the Declaratory Judgment Act, 28 U.S.C. § 2201.

## JURISDICTION AND VENUE

15. This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

16. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." (Emphasis added).

USCIS is subject to 5 U.S.C. § 555(b). *See Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that district court has jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review plaintiff's complaint for declaratory and inunctive relief against federal agency). When the statute is silent as to an actual deadline to adjudicate an application or petition, the agency is subject to the general reasonableness requirements of the APA. *See Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir.1999).

17. 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. 8 U.S.C. § 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As the present action does not seek review of a removal order, but is simply an action to compel USCIS to adjudicate Plaintiffs' unreasonably delayed petitions, this Court retains original mandamus jurisdiction under 28 U.S.C. § 1361.

18. Furthermore, 8 U.S.C. § 1252(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified … to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]"

19. Because adjudication of a properly filed parole application is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim. *See Kim v. USCIS,* 551 F.Supp.2d 1258 (D. Colo. 2008); *Liu v. Novak*, 509 F. Supp. 2d 1, 5 (D.D.C. 2007) (holding that "the Court does

have jurisdiction over plaintiff's APA claim that defendants have unreasonably delayed adjudicating his application" for adjustment of status); *Villa v. U.S. Dep't of Homeland Sec.*, 607 F. Supp. 2d 359, 366 (N.D.N.Y. 2009) ("[T]he Defendant has the discretionary power to grant or deny applications, but it does not have the discretion as to whether or not to decide at all."); *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 739 (E.D. Va. 2008). Numerous federal district courts including this Court have ruled that adjudication of a properly filed application for immigration benefits, including completion of all necessary background checks, is a purely ministerial, non-discretionary act which the Government is under obligation to perform in a timely manner. *See, Bustos v. Mayorkas, Civ. No. 20-1348 KG/SMV, 2021 WL 3931173 (D.N.M. 2021)*("Without a statutory delegation to the Attorney General of discretionary authority to establish a timetable, USCIS regulatory decisions about the pace are not statutorily excluded from judicial review."); *see also Tista v. Jaddou,* 577 F.Supp.3d 1219 (D.N.M. 2021); *Jones v. Gonzales,* 2007 WL 1810135, *1 (S.D. Fla. 2007) ("[N]o agency responsible for resolving matters of public interest should be free to let those matters pend in perpetuity; otherwise would be to relieve the agency of its Congressionally-mandated duty to the public.").

20. Both the regulations and the Immigration and Nationality Act provide numerous examples of duties owed by USCIS in the adjudication of immigration applications. 8 U.S.C. § 1103 provides that "[t]he Secretary of Homeland Security *shall* be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis added).

21. The language of the statute is mandatory, not discretionary, and the Defendants have a clear duty to adjudicate the parole applications pending before them.

22. "The default rule is that agency actions are reviewable under federal question

jurisdiction, pursuant to 28 U.S.C. § 1331… even if no statute specifically authorizes judicial review." *ANA Int'l, Inc. v. Way*, 393 F.3d 886, 890 (9th Cir. 2004) (citing *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 56-57 (1993)). Therefore, there is a strong presumption Congress intended to provide judicial review of administrative actions. *See Kucana v. Holder*, 558 U.S. 233, 251 (2010).

23. As set forth below, the 6 to 23 months delay in processing the Plaintiffs' properly filed parole applications is unreasonable.

24. Venue is proper in New Mexico pursuant to 28 U.S.C. §1391(e)(1)(C), which provides that a suit against federal officials acting in their official capacities may be brought in any judicial district where a plaintiff in the action resides. Plaintiffs sue the Defendants in their official capacities as officers and employees of the United States. All Plaintiffs in this case reside in New Mexico.

## STANDING

25. The Defendants have caused Plaintiffs to suffer harm or the invasion of a legally protected interest that is 1) concrete and particularized and 2) actual or imminent. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). Plaintiffs have been denied the adjudication of their parole applications, which will allow them to pursue lawful permanent residence if approved. This failure to act prevents them from legally obtaining employment, obtaining a valid social security number and driver's license, and leaves them at risk for deportation and separation from their U.S. military family members or family members with serious health conditions.

26. The Plaintiffs' actual, concrete, and particular injuries are directly tied to the Defendants' failure to timely adjudicate their parole applications.

27. All Plaintiffs therefore have standing.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

28. No exhaustion requirement applies to the Plaintiffs' complaint for a Writ of Mandamus. The Plaintiffs are owed a duty – the adjudication of their properly filed parole applications, which have been duly filed with USCIS. Defendants have unreasonably delayed and failed to adjudicate the Plaintiffs' petitions for 6 to 23 months.

29. Plaintiffs have no other adequate remedy available for the harm they seek to redress – the failure of USCIS to adjudicate their applications within a reasonable time.

## PARTIES

30. Four of the Plaintiffs are foreign nationals who are the spouses or parents of U.S. citizen military members or veterans. They are applicants for military parole in place and qualify to apply for adjustment of status to lawful permanent residents if their parole applications are approved.

31. Three of the Plaintiffs are foreign nationals who are the spouses or parents of U.S. citizens with serious health problems who rely on Plaintiffs for financial support and medical care. They are applicants for humanitarian parole in place and qualify to apply for adjustment of status to lawful permanent residents if their parole applications are approved.

32. Defendant, Alejandro Mayorkas is the Secretary of the Department of Homeland Security (DHS). The Secretary of DHS is charged by statute with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens. He is sued in his official capacity only.

33. Defendant Ur Jaddou is the Director of United States Citizenship and Immigration Services (USCIS) of the DHS. The Director of USCIS is charged with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the

immigration and naturalization of aliens pursuant to a delegation of authority from the Secretary of Homeland Security of the United States under 8 U.S.C. § 1103(a). She is sued in her official capacity only.

34. Defendant Jwana Adebiyi is the Director of the Albuquerque Field Office of USCIS. The local field office is responsible for adjudication of parole in place applications such as Plaintiffs'. She is sued in her official capacity only.

35. United States Citizenship and Immigration Services (USCIS) is an agency of the United States in charge of reviewing and adjudicating waiver applications such as Plaintiffs'.

36. Defendant Merrick Garland is the Attorney General of the United States. He is in charge of the Federal Bureau of Investigations (FBI) which, in turn, is in charge of conducting background checks for immigration benefits. He is sued in his official capacity only.

37. Defendants are in charge of the processing and adjudication of parole applications. They are sued in their official capacity only.

**LEGAL FRAMEWORK**

Administrative Procedure Act ("APA"):

38. The APA provides that, "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). To ensure that agencies comply with that provision, the APA specifies that a reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." Id. § 706(1).

39. The U.S. District Court for the Northern District of California recently held that "budget constraints that limited personnel and resources assigned to an agency" do not "grant the agency carte blanche to repeatedly violate congressionally mandated deadlines." *Nightingale v. U.S. Citizenship and Immigration Services*, 19-cv-03512-WHO, *18 (N.D. Cal. 2020). The court

further held that "Defendants cannot use a predictably increasing workload to excuse their chronic failure to make timely determinations…." *Id*. at *18. Though this case was relating to FOIA requests, the same is true for parole applications.

Parole in Place:

40. USCIS has authority to grant parole to noncitizen applicants for admission, including those residing in the United States (through "parole in place"), on a case-by-case basis for urgent humanitarian reasons or significant public benefit. INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A).

41. Although there is no explicit deadline for when parole applications must be adjudicated and petitioners placed on the wait list, the APA reasonableness standard still applies. *See Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir.1999).

42. Parole in place applications have been historically processed within 3.3 to 5.4 months. (Exhibit 1)

43. Parole in place allows for a foreign national who came into the U.S. without authorization to remain in the U.S. on the basis of urgent humanitarian reasons or significant public benefit.

44. USCIS policy provides for military parole in place for the spouse, widow(er), parent, son, or daughter of active-duty U.S. military members, veterans, and members of the Select Reserve of the Ready Reserve. *See* AFM Ch. 21.1(c)(1).

45. Individuals who have obtained parole in place or deferred action are eligible to apply for work authorization for the period of parole or deferred action. *See* 8 CFR 274a.12(c)(11), (14).

Adjustment of Status:

46. For an alien who entered without inspection, a grant of parole under INA § 212(d)(5)(A) eliminates the ground of inadmissibility for entry without inspection under INA § 212(a)(6)(A)(i) and meets the requirement that the applicant be "inspected and admitted or paroled" under INA § 245(a). *See* USCIS Policy Manual: Chapter 2 https://www.uscis.gov/policy-manual/volume-7-part-b-chapter-2 (last visited December 13, 2023).

## FACTUAL AND PROCEDURAL BACKGROUND

47. All Plaintiffs included in this action properly applied for military parole in place with the Albuquerque Field Office using Form I-131. Applications were filed between January of 2022 and June of 2023. At the time of filing this complaint, none of the Plaintiffs have received adjudication of their parole applications.

48. All Plaintiffs are the qualifying family members of U.S. military personnel, veterans, or enlistees, or have U.S. family members with serious medical conditions. All Plaintiffs will be eligible to file for adjustment of status to lawful permanent residents if their parole applications are approved.

49. As a result of the delay in adjudication of their parole applications, Plaintiffs are unable to move forward with applications for adjustment of status to become lawful permanent residents in the U.S. Plaintiffs are suffering severe emotional and financial hardship and living in fear of deportation and separation from their family members who are serving in the U.S. military.

50. Plaintiff Bencomo Hernandez is the father of a U.S. citizen son who served in the U.S. Navy Reserve. Plaintiff is eligible for military parole in place and applied by filing Form I-131 with the local field office on or about October 25, 2022.

51. Plaintiff Ulloa Alfaro is the wife of a U.S. citizen who is in active duty with the U.S. Air Force. Plaintiff is eligible for military parole in place and applied by filing Form I-131 with the local field office on or about December 21, 2022.

52. Plaintiff Chavez Valenzuela is the mother of a U.S. citizen son who is in active duty with the U.S. Air Force. Plaintiff is eligible for military parole in place and applied by filing Form I-131 with the local field office on or about April 14, 2023.

53. Plaintiff Escobedo Bailon is the mother of a U.S. citizen daughter who serves in the U.S. Army. Plaintiff is eligible for military parole in place and applied by filing Form I-131 with the local field office on or about June 13, 2023.

54. Plaintiff Perez Perrea is the father of a U.S. citizen son with muscular dystrophy who is unable to care for himself. Plaintiff is his son's primary caretaker and assists him with all of his daily tasks as his health is declining and he is mostly incapacitated. Plaintiff is eligible for humanitarian parole and applied by filing Form I-131 with the local field office on or about April 11, 2023.

55. Plaintiff Rascon Alvarez is the father of three U.S. citizen children. His youngest son was born with several birth defects and is completely dependent upon his father for financial support and care. He is eligible for humanitarian parole and applied by filing Form I-131 with the local field office on or about October 6, 2022.

56. Plaintiff Silva Ibarra is the husband of a U.S. citizen wife who is suffering from the long-term effects of a COVID-19 infection and requires supplemental oxygen. He is eligible for humanitarian parole and applied by filing Form I-131 with the local field office on or about January 18, 2022.

57. Plaintiffs' attorneys have made multiple inquiries into the status of their cases and the processing times with Defendant USCIS Albuquerque Field Office and have repeatedly been given timelines of adjudication that were not fulfilled.

58. Plaintiff's applications are well outside of Defendants' national averages for historic processing times on Form I-131 for parole in place applications. (Exhibit 1).

59. The backlog is leaving the family members of U.S. military service members and primary caretakers of U.S. citizens with serious medical conditions without any protections and preventing them from continuing their process of seeking lawful immigration status in the U.S.

## CAUSES OF ACTION

### COUNT ONE

### DECLARATORY JUDGMENT

60. Pursuant to 28 U.S.C. § 2201 et seq. the Court may declare the rights of the parties and such declaration shall have the force and effect of a final judgment or decree.

61. Defendants in this case have failed to adjudicate Plaintiffs' applications for parole. This failure to act is against the law, has caused, and continues to cause harm to Plaintiffs. Therefore, issuance of a declaratory judgment that Defendants' lack of action is against the law and violates the APA is warranted.

### COUNT TWO

### VIOLATION OF 5 U.S.C. §§ 555, 702, 704, 706 (APA CLAIMS)

62. The allegations contained in each of the preceding paragraphs are repeated and re-alleged as though fully set forth herein.

63. The APA provides that, "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. 555(b). To ensure that agencies comply with this

provision, the APA provides that a reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. 706(1).

64. Defendants have a nondiscretionary obligation to adjudicate Plaintiffs' applications for parole, and to make these determinations within a reasonable time. 5 U.S.C. § 706(1).

65. Plaintiffs have suffered a "legal wrong" or have been "adversely affected or aggrieved" by agency inaction. 5 U.S.C. § 702. Because of Defendants' inaction and unreasonable delay, Plaintiffs are suffering irreparable harm to their health and welfare, for which there is no other adequate remedy in court.  5 U.S.C. § 704.

66. The inaction is arbitrary, capricious, and exceeds Defendants' statutory authority. 5 U.S.C. § 706(c)(2).

## COUNT THREE

## RELIEF UNDER THE MANDAMUS ACT

67. The allegations contained in each of the preceding paragraphs are repeated and re-alleged as though fully set forth herein.

68. Plaintiffs have a claim for mandamus relief under 28 U.S.C. § 1361 which provides the authority to compel the agency to perform a duty owed to Plaintiffs.  Defendants have failed to properly adjudicate Plaintiffs' applications for parole.

69. Issuance of a writ of mandamus is appropriate when the following requirements are satisfied: (i) the plaintiff has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002); *Citizens for Ethics and Responsibility in Wash. v. Cheney*, 593 F. Supp. 2d 194, 219 (D.D.C. 2009); see also *Liu*, 509 F. Supp. 2d at 10 (holding, in mandamus suit alleging unreasonable agency delay, that "the statutory duty involved [in such

cases] … does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice") (quoting *Sierra Club v. Thomas*, 828 F.3d 783, 794 (D.C. Cir. 1987)); *Aslam*, 531 F. Supp. 2d at 743 ("[T]he Court concludes that CIS has a legal obligation to adjudicate Aslam's petition within a reasonable period of time."). Plaintiffs clearly meet all three of these criteria.

70. Plaintiffs have fully complied with all of the statutory and regulatory requirements for seeking parole, including submission of all necessary forms and supporting documents.

71. The Defendant USCIS has unreasonably failed to adjudicate the Plaintiffs' applications for 6 to 23 months, thereby depriving the Plaintiffs of their rights under 8 U.S.C. § 1255. Pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

72. The Defendants owe the Plaintiffs a duty to adjudicate their applications, pursuant to the statute and its implementing regulations, and have unreasonably failed to perform that duty. See, e.g., *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to preclude government defendant "from excusing its own delay" in complying with a clear statutory obligation).

73. The Plaintiffs have no alternative means to obtain adjudication of their applications and their right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); see also *Power*, 292 F.3d at 784; *Matter of Sealed Case*, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist).

74. The Court's intervention is also appropriate because Defendants have failed to act within a reasonable period of time. See, e.g., *Sierra Club*, 828 F.3d at 794 (holding that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"); *Northern States Power*, 128 F.3d at 760 ("Given DOE"s repeated attempts to excuse its delay … we find it appropriate to issue a writ of mandamus …."); *Liu*, 509 F. Supp. 2d at 9-10 (holding that the APA requires the government to act within a reasonable period of time). Plaintiffs have already waited 6 to 23 months for adjudication of their pending applications, well beyond a reasonable period of time and well beyond the historic averages for this case type. This is an unacceptable and unreasonable delay.

75. Plaintiffs are entitled to action on their long-pending applications, because an unreasonable amount of time has passed since the applications were filed. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of Plaintiffs.

76. Defendants' delay is without justification and has forced the Plaintiffs to resort to this Court for relief, and the Plaintiffs are entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs pray that the Court grant the following relief:

A. Assume jurisdiction over the matter;

B. Issue a declaratory judgment holding that Defendants' unreasonable delay in adjudicating the parole applications is unlawful and contrary to law.

C. Order Defendants and those working under them to immediately adjudicate Plaintiffs' pending parole applications.

D. Award reasonable attorney fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, and 28 U.S.C. § 2412.

E. Grant any and all further relief this Court deems just and proper.

Dated this 15th day of December 2023.

/s/ Heather Kryzak.

Heather Kryzak
Vrapi Weeks, P.A.
5931 Jefferson St. NE, Suite A
Albuquerque, NM 87109
Phone: (505) 352-6660
Fax: (505) 872-6120
hk@vrapiweeks.com
*Attorneys for Plaintiffs*

/s/ Amber Weeks.

Amber Weeks
Vrapi Weeks, P.A.
5931 Jefferson St. NE, Suite A
Albuquerque, NM 87109
Phone: (505) 352-6660
Fax: (505) 872-6120
amber@vrapiweeks.com
*Attorneys for Plaintiffs*

/s/ Olsi Vrapi.

Olsi Vrapi
Vrapi Weeks, P.A.
5931 Jefferson St. NE, Suite A
Albuquerque, NM 87109
Phone: (505) 352-6660
Fax: (505) 872-6120
olsi@vrapiweeks.com
*Attorney for Plaintiffs*

/s/ Rebecca Kitson
Rebecca Kitson

Rebecca Kitson Law
7301 Indian School Rd NE Suite B,
Albuquerque, NM 87110
Phone: 505-508-4015
rk@rkitsonlaw.com
*Attorney for Plaintiffs*


/s/ Alejandro Macias Urias
Alejandro Macias Urias
Rebecca Kitson Law
7301 Indian School Rd NE Suite B,
Albuquerque, NM 87110
Phone: 505-508-4015
amu@rkitsonlaw.com
*Attorney for Plaintiffs*